[Civ. No. 4866. Second Appellate District, Division Two.—February 8, 1928.]

ESTER RADDANT, Appellant, v. S. W. MIMS, Respondent.

Marks & Launer for Appellant.

Culver & Nourse for Respondent.

HAZLETT, J., *pro tem.*—This is an action in damages for personal injuries, pain, and suffering, loss of time, etc., resulting to plaintiff in a collision of an autostage in which she was a passenger, operated by defendant Watson, with an automobile operated by defendant Mims.

Plaintiff was given judgment against defendant Watson for $2,850.50, but was awarded nothing against defendant Mims.

Plaintiff appeals from that portion of the judgment denying her relief against defendant Mims and awarding him costs, contending that the evidence shows that defendant Mims was negligent in the operation of his automobile to such extent that his negligence was one of the causes which contributed directly to the accident, and was one of the proximate causes of appellant's injuries and losses.

The evidence introduced by the parties to this action shows substantially the following events occurring immediately preceding and at the time of the collision:

The stage was operated on a public highway as a common carrier for hire by a servant and employee of defendant

Watson, appellant was a passenger therein, and respondent was driving his automobile on the highway in the direction the stage was being driven. The stage was driven past respondent's machine, and shortly thereafter was stopped at a railroad crossing or for passengers, when respondent drove past the stage. A few minutes later the stage-driver drove to the center of the highway at a speed of 35 to 38 miles per hour and attempted to again pass respondent's machine, which was traveling on the right half of the highway, when the stage-driver discovered a third automobile approaching in the opposite direction and distant about 200 to 250 feet. Thereupon when the front of the radiator of the stage had reached a point about opposite the center of respondent's machine, the stage-driver looked for respondent's machine but did not see it, applied the brakes of the stage, and swerved the stage to the right toward respondent's machine, crowding it partly off the highway to the right. The back end of the stage was wider than its front end. Respondent found his machine in a pocket, leaving him the probable alternative of having his machine hit by the back end of the stage or attempting to drive ahead of the stage by speeding up, which latter course appeared to be the safer for him to follow in the emergency. Respondent then swerved his machine slightly to the right and drove ahead, hitting the hub of the right front wheel of the stage with the left rear wheel of his machine, thereby cramping the front wheels of the stage to the left, the stage skidded about 40 feet and turned over on its right side, injuring appellant. The skid marks commenced about four feet from the right side of the highway, indicating that respondent's machine was crowded off the highway. The third machine was driven suddenly off the highway to the left into an adjacent orange grove to avoid colliding with the stage.

Those facts show but a conflict of evidence and justified the trial court in finding that respondent was not guilty of negligence which contributed to appellant's injuries.

The findings and judgment of the trial court have sufficient support in the evidence.

The judgment is affirmed.

Works, P. J., and Craig, J., concurred.